IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

MAURICE WILLIAMS,

        Petitioner,

v.                                                        CIVIL ACTION NO. 1:04CV136
                                                           (Judge Broadwater)

K. J. WENDT, Warden,

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled matter came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull, entered July 25, 2005. On August 8, 2005, Petitioner filed objections to the Magistrate's Report and Recommendation. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the Magistrate's Report and Recommendation.

Williams raises a non-specific objection to the entire Report and Recommendation in this case. The discernable objection in Petitioner's filing is that Williams' second habeas petition should not be denied because of inexcusable neglect or procedural default. Petitioner argues that the Court should hear his subsequent petition because his life or liberty is at stake. Furthermore, Petitioner argues that as a pro se petitioner, he should be given leave to raise new arguments in this subsequent habeas petition because his claim for vindictiveness was "discovered from ongoing research."

The Supreme Court has recognized the important liberty interest at stake in habeas relief cases and the High Court decided how to strike a balance that protects meritorious claims from a

flood of unmerited or repetitive claims. McCleskey v. Zant, 499 U.S. 467, 492 (1991). In McCleskey, the Supreme Court explained that the abuse of writ doctrine and procedural default procedures preclude inmates from relitigating issues. The Court held that after the government properly raises the issue of abuse of the writ, "the burden to disprove abuse then becomes petitioner's." Id. at 494. The Court further explained that in order to excuse the petitioner's failure to previously raise new claims, the petitioner must show: 1) cause for failing to raise the claim in a previous action, and; 2) that prejudice or a fundamental miscarriage of justice would result from a failure to entertain the new claim. Id.

This body of law outlined in McCleskey is properly applied to habeas corpus petitions filed under §2241. As Petitioner raised no specific objection to the statement of law in the Magistrate's Report and Recommendation it is extracted below for reference:

> While McCleskey dealt with a §2254 petition, McCleskey has been applied to §2241 petitions. See Zayas v. INS, 311 F. 3d 247 (3d Cir. 2002); Griffin v. United States Parole Com'n 2003 WL 23961849, *2 (E.D.Va.2003) aff'd by Griffin v. United States Parole Com'n, 94 Fed.Appx. 993, 2004 WL 859402 (4th Cir. 2004). See also, Zakiya v. Reno, 52 F.Supp.2d 629, 634, n.8 (E.D.Va. 1999)("Although McCleskey did deal with the abuse-of-the-writ doctrine, the Supreme Court did not explicitly apply that doctrine to § 2241 petitions. Furthermore, as the Tenth Circuit indicated, successive petitions are barred 'unless the ends of justice require consideration of the merits.' George, 62 F.3d at 334.").

Petitioner cites his status as pro se petitioner and "an unlettered layman," as cause for his failure to raise the vindictiveness claim in his previous habeas petition. As a pro se petitioner, Williams indicates that the vindictiveness claim was unavailable to him until it was later discovered from his ongoing legal research.

In McCleskey the Supreme Court reviewed the kinds of procedural defects that constitute

acceptable cause for failing to meet State procedural requirements and applied this standard to abuse of writ cases:

> [T]he cause standard requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court. Objective factors that constitute cause include "'interference by officials'" that makes compliance with the State's procedural rule impracticable, and "a showing that the factual or legal basis for a claim was not reasonably available to counsel."

McCleskey v. Zant, 499 U.S. 467, 493-494 (U.S. 1991) (citations omitted).

In the instant case, the factual and legal basis for Williams' subsequently filed vindictiveness claim was definitively available to the Petitioner as he devised this claim as a result of ongoing legal research. There has been no showing of any objective factor external to the defense that prevented the claim from being raised in the earlier habeas petition.

Since no sufficient cause is shown, the prejudice showing need not be evaluated further than to find that no extraordinary constitutional violation has been demonstrated. McCloskey, 499 U.S. at 493.

Therefore, after a *de novo* review of the relevant facts and law in the Magistrate's Report and Recommendation the Court adopts the Magistrate's findings. Williams has not shown cause for his failure to previously raise his claim of vindictiveness before the District of South Carolina. Furthermore, Petitioner has not demonstrated some extraordinary constitutional violation implicating a fundamental miscarriage of justice. Consequently, pursuant to McCleskey, the Williams' §2241 petition should be dismissed as being an abuse of the writ.

Accordingly, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be and is hereby **ORDERED** adopted. The Court further **ORDERS** that the Petitioner's §2241 action be **DENIED and DISMISSED WITH PREJUDICE** as being

an abuse of the writ, based on the reasons set forth above and in the Magistrate Judge's Report and Recommendation. Petitioner's Motion for Docket Materials is **DENIED as MOOT**. The Court further orders that this matter be **STRICKEN** from the active docket of this Court.

It is so **ORDERED.**

The Clerk is directed to transmit true copies of this Order to the Petitioner and all counsel of record herein.

**DATED** this 7th day of April 2006.

/s/ W. Craig Broadwater
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE